**Opinion filed July 27, 2023**



## In The

# Eleventh Court of Appeals

_____

## No. 11-22-00238-CR

_____

## ANTHONY GIACCONE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 28123-A**

## M E M O R A N D U M   O P I N I O N

Appellant, Anthony Giaccone, originally pled guilty to the first-degree felony offense of possession of methamphetamine with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2017). In accordance with the plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for ten years. The State later filed a motion to adjudicate Appellant's guilt, alleging that Appellant had violated the terms and conditions of his deferred adjudication community supervision. At the hearing, Appellant pled

true to all twelve of the allegations in the State's motion to adjudicate. The trial court found the allegations in the State's motion to be true based on Appellant's pleas of true, revoked Appellant's community supervision, and assessed his punishment at ten years in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that this appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, a copy of the clerk's record and the reporter's record, and a pro se motion for access to the appellate record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant filed a response to counsel's *Anders* brief. In his response, Appellant asks us to "grant" him 742 days in additional credit for time served in a drug rehabilitation facility prior to his sentence on the revocation. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 § 2(a) (West Supp. 2022). In this regard, counsel states in his brief that he has examined the record and judgment and confirms that "the time credits are correct." In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or

(2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). While we may modify a judgment to make the record speak the truth when we have the necessary information to do so, the record does not clearly support Appellant's contentions, and we cannot determine from this record that Appellant is entitled to additional credit.[1]

The record from the hearing shows that Appellant violated the terms and conditions of his deferred adjudication community supervision by, among other violations, using and possessing methamphetamine, failing to report, and failing to successfully complete the Cenikor program. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[2]

---

[1]We note that Appellant may present the issue to the trial court by way of a nunc pro tunc motion so that the trial court may, if appropriate, issue a nunc pro tunc order authorizing the appropriate credit. *See Ex parte Ybarra*, 149 S.W.3d 147, 148–49 (Tex. Crim. App. 2004). If the trial court fails to respond, Appellant may then seek relief in our court through a petition for a writ of mandamus. *Id.*

[2]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

We grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

July 27, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.